OPINION
{¶ 1} Appellant, Larry White, Jr., appeals from an Alford
plea accepted by the Lake County Court of Common Pleas, in which he pleaded guilty to one count of burglary, a second degree felony, in violation of R.C. 2911.12(A)(1). For the reasons that follow, we affirm.
 {¶ 2} On June 17, 2002, a criminal complaint, naming appellant as the defendant, was filed in the Painesville Municipal Court. The complaint charged appellant with one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), and one count of kidnapping, in violation of R.C. 2905.01(B)(2).
 {¶ 3} Appellant subsequently waived his right to a preliminary hearing and consented to be bound over to the Lake County Court of Common Pleas. On July 30, 2002, by way of information, appellant was charged with one count of burglary, in violation of R.C. 2911.12(A)(1).
 {¶ 4} On August 13, 2002, a change of plea hearing was held. During the hearing, appellant waived his right to be indicted by the Lake County Grand Jury. Appellant informed the trial court that his waiver of indictment was made voluntarily and knowingly. He then proceeded to sign a waiver of indictment form which was accepted by the trial court.
 {¶ 5} The trial court then noted that appellant would be entering a guilty plea to the single count of burglary. Accordingly, the trial court discussed with appellant the nature of the charge, the possible penalties associated with the charge, and the waiver of his rights incident to trial that would result from his guilty plea. Appellant told the court that he understood the consequences of his guilty plea.
 {¶ 6} Nevertheless, when the trial court asked appellant if burglary was the charge he wanted to plead guilty to, appellant replied, "[i]t's not a charge I want to plead guilty to, but it's something that I feel as if I have to." Appellant explained that he felt he had to plead guilty to the burglary charge because, as appellant stated, "I know I was guilty of doing something." To resolve this confusion, the trial court again explained to appellant the elements of the burglary charge and the waiver effect of his guilty plea. Appellant again stated that he understood the charge and effect of his guilty plea.
 {¶ 7} The prosecution then recited the following statement of facts which resulted in the burglary charge. On July 16, 2002, appellant arrived at the residence of his former girlfriend, Lisa. Lisa contacted the police via 911 and requested police assistance to remove appellant from her property. When the police arrived, they observed appellant kicking at the front door of the home. As the police approached, appellant entered Lisa's house by breaking through a front window. Once inside the home, appellant barricaded the front door so the police would be unable to enter and restrained Lisa's movements by lying on top of her. Ultimately, the police were able to enter the residence and apprehend appellant.
 {¶ 8} Appellant informed the trial court that he did not completely agree with the prosecution's statement of facts. Specifically, appellant stated that he could not remember many of the events that occurred at Lisa's home. However, it was his contention that he entered the house because he was afraid of the police officers. Appellant explained that his only purpose for entering the home was to hide from the police. Moreover, appellant denied that he kicked the front door; instead, appellant maintained that he banged his head against the door. Finally, appellant indicated that, when he committed the crime, he did not understand the difference between right and wrong due to a mental illness.
 {¶ 9} The court expressed its reservations in accepting appellant's guilty plea, as it was unclear whether appellant was entering the plea voluntarily. At this time, the court was informed by the prosecution that appellant had originally been charged with aggravated burglary and kidnapping, and the current charge of burglary was by way of information and the result of plea negotiations. Accordingly, the trial court explained to appellant that if he decided not to enter a guilty plea to the count of burglary, the prosecution would vacate the burglary charge and attempt to indict him on the counts of aggravated burglary and kidnapping, both first degree felonies. The trial court then informed appellant of his options of entering a guilty plea, an Alford plea, a not guilty plea, or a not guilty by reason of insanity plea, and the consequences of each alternative.
 {¶ 10} After speaking with his attorney, appellant notified the court that he wished to plead guilty by way of an Alford
plea. The court again questioned appellant as to whether he was entering the Alford plea knowingly and voluntarily. Appellant informed the trial court that he understood the effect of hisAlford plea and was acting voluntarily.
 {¶ 11} As a result, the trial court accepted appellant'sAlford plea as to one count of burglary. Appellant then read and signed a document entitled "written plea of guilty and judgment entry," which was filed with the court.
 {¶ 12} On August 15, 2002, the trial court issued a judgment entry on appellant's Alford plea as to one count of burglary, in violation of R.C. 2911.12(A)(1). Thereafter, the court sentenced appellant to serve a prison term of seven years, with sixty-nine days of credit for time already served.
 {¶ 13} From this judgment, appellant sets forth the following two assignments of error for our consideration:
 {¶ 14} "[1.] A defendant does not enter a knowing, intelligent, and voluntary plea when he is misinformed regarding the crimes he has been charged with.
 {¶ 15} "[2.] A court should not accept an Alford plea where the factual assertions made on the record do not support the charges."
 {¶ 16} Under his first assignment of error, appellant contends that, during the plea hearing, the prosecution threatened him with an indictment of aggravated burglary and kidnapping if he did not plead guilty to the burglary charge. Appellant asserts that the charges of aggravated burglary and kidnapping were not supported by the evidence presented by the prosecution. Therefore, appellant concludes that, based upon the prosecution's unsubstantiated threats, his Alford plea was not made voluntarily or knowingly.
 {¶ 17} Our analysis of appellant's first assignment of error begins with Crim.R. 11(C)(2). This rule provides the trial court with the various rights that must be discussed with a defendant prior to the acceptance of a guilty plea. Crim.R. 11(C)(2) states:
 {¶ 18} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 19} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 20} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 21} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the right to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 22} Crim.R. 11(C)(2) creates two separate sets of rights that the trial court is required to discuss with a defendant prior to its acceptance of a guilty plea. The first set addresses constitutional rights; the second set addresses non-constitutional rights. See, e.g., State v. Lavender, 11th Dist. No. 2000-L-049, 2001-Ohio-8790, at 10. Ultimately, "the basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." State v. Ballard (1981),66 Ohio St.2d 473, 480.
 {¶ 23} On appeal, the issue becomes whether the record demonstrates that the defendant was informed of the relevant constitutional rights and incidents of a trial to warrant the conclusion that he or she understands what a trial is, and that a guilty plea represents a knowing and voluntary forfeiture of those rights stemming from a trial. Id.
 {¶ 24} To conform to the various constitutional requirements of Crim.R. 11(C), the trial court must explain to the defendant that he or she is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; (4) the right to compulsory process of witnesses; and (5) the right to require the state to prove guilt beyond a reasonable doubt. State v. Singh (2000),141 Ohio App.3d 137. "The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea." Lavender at 11.
 {¶ 25} The remaining requirements of Crim.R. 11(C) pertain to non-constitutional rights. Unlike the previously stated constitutional rights, which necessitate strict compliance, non-constitutional rights require that the trial court demonstrate substantial compliance. State v. Nero (1990),56 Ohio St.3d 106, 108. Substantial compliance means "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero at 108.
 {¶ 26} In addition, if the trial court fails to substantially comply with Crim.R. 11(C), the defendant must also demonstrate that he or she was prejudiced by this lack of compliance. Statev. Johnson (1988), 40 Ohio St.3d 130, 134. See, also, Crim.R. 52(A) and 33(E). The test of prejudice queries whether the plea would have been made despite the trial court's failure to substantially comply with the prerequisites of Crim.R. 11(C).
 {¶ 27} The record before us establishes that the trial court discussed the burglary charge with appellant. Specifically, the court informed appellant of the elements of the burglary charge and the possible penalties that could result from a burglary conviction. Appellant informed the trial court that he understood the burglary charge and the possible penalties.
 {¶ 28} The record further demonstrates that the court notified appellant of the constitutional and non-constitutional rights encompassed by Crim.R. 11(C)(2), and the effect that a guilty plea would have on such rights. Again, appellant told the court that he understood the effect of his guilty plea.
 {¶ 29} Notwithstanding the trial court's compliance with the prerequisites of Crim.R. 11(C)(2), appellant argues that hisAlford plea should be invalidated based upon the prosecution's unsubstantiated threats. A careful examination of the record fails to reveal that the prosecution threatened appellant. To the contrary, the prosecution appropriately informed the court that the single count of burglary was the result of underlying plea negotiations. The prosecution then merely advised the court that if appellant were to decide to plead not guilty, the burglary count would be vacated and he would face indictment on the original complaint charges for aggravated burglary and kidnapping. Doing so allowed the trial court to adequately discuss with appellant his various options and the potential consequences of each alternative.
 {¶ 30} After discussing these options with the trial court and his attorney, appellant notified the court that he would be pleading guilty by way of an Alford plea. The trial court again discussed with appellant the specific effect of an Alford plea and inquired as to whether appellant was entering the Alford
plea voluntarily and knowingly. Appellant informed the trial court that he understood the effect of his plea and that it was being made voluntarily and knowingly. Thus, appellant's contention that he did not make his Alford plea voluntarily is not well taken.
 {¶ 31} Furthermore, the charges of aggravated burglary and kidnapping were substantiated by the evidence. Aggravated burglary is governed by R.C. 2911.11(A)(1), which states as follows:
 {¶ 32} "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 33} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]"
 {¶ 34} The evidence presented by the prosecution at the hearing clearly demonstrates that appellant entered Lisa's residence, by force, while she was within her home. Furthermore, although there was no evidence that Lisa was physically injured, there was an allegation that appellant was lying on top of her and restraining her movement. Such alleged facts represent an attempt to inflict physical harm. Thus, there was sufficient evidence substantiating an aggravated burglary charge.
 {¶ 35} Kidnapping is established by the provisions of R.C.2905.01(B)(2), to wit:
 {¶ 36} "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim or, in the case of a minor victim, under circumstances that either create a substantial risk of serious physical harm to the victim or cause physical harm to the victim:
 {¶ 37} "* * *
 {¶ 38} "(2) Restrain another of his liberty[.]"
 {¶ 39} Pursuant to R.C. 2905.01(C), kidnapping is generally a felony of the first degree. However, "if the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree." Id.
 {¶ 40} The evidence, as presented by the prosecution, established that appellant barricaded Lisa's front door and was lying on top of her to restrain her movement. Thus, there were adequate facts to indict appellant on a kidnapping charge.
 {¶ 41} Furthermore, the evidence clearly establishes that appellant restrained Lisa's movement until the police apprehended him. There is no evidence that appellant released Lisa prior to police intervention. Thus, because appellant did not release Lisa on his own accord, the kidnapping charge would be a first degree felony. See, e.g., State v. Huber, 8th Dist. No. 80616, 2003-Ohio-3210, at ¶ 13.
 {¶ 42} The record before us demonstrates that the trial court complied with the statutory prerequisites of Crim.R. 11(C)(2), and appellant entered his Alford plea both voluntarily and knowingly. Moreover, there is no evidence of an unsubstantiated threat made by the prosecution which resulted in a coercedAlford plea. Thus, appellant's first assignment of error is without merit.
 {¶ 43} Under his second assignment of error, appellant argues that the court erred in accepting his Alford plea because it was clear that appellant did not understand the charges he may have faced had he pleaded not guilty. Again, appellant contends that the prosecution's unsubstantiated threats resulted in a plea that was neither voluntary nor knowing. Appellant also maintains that the prosecution failed to show a factual basis for the burglary charge and plea.
 {¶ 44} An Alford plea is a plea of guilty with a contemporaneous protestation of innocence. North Carolina v.Alford (1970), 400 U.S. 25. A court may accept an Alford plea if the following requirements are met:
 {¶ 45} "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v.Piacella, (1971), 27 Ohio St.2d 92, paragraph one of the syllabus.
 {¶ 46} The record confirms that appellant's counsel was present at the time of the plea and that his counsel's advice was competent. Further, the court expressly asked appellant whether he was entering an Alford plea to avoid the charges of aggravated burglary and kidnapping. Appellant answered affirmatively.
 {¶ 47} As mentioned previously, the record fails to demonstrate that appellant was coerced into entering his Alford
plea. Instead, appellant was merely informed, by both the prosecution and trial court, that the burglary count was based upon plea negotiations. Accordingly, if appellant were to plead not guilty in contradiction of such negotiations, the prosecution would vacate the burglary charge and attempt to indict him with the original charges of aggravated burglary and kidnapping.
 {¶ 48} "While advice or pressure by external influences, or the absence thereof, may be `* * * probative of an accused's motivation for pleading guilty, it does not necessarily show coercion, duress, or involuntariness.'" State v. Tomey (Dec. 17, 1993), 11th Dist. No. 92-T-4678, 1993 Ohio App. LEXIS 6059, at 13, quoting United States v. Pellerito (C.A.1, 1989),878 F.2d 1535, 1541. Here, the disclosure by the prosecution and trial court assisted appellant in determining whether he had an adequate defense against the charges associated with a not guilty plea. Appellant being notified as to the consequences of a not guilty plea, and of his opportunity to prove his innocence at trial, fails to demonstrate that his guilty plea was made under a threat or duress. Therefore, appellant's Alford plea was not the result of coercion, deception, or intimidation
 {¶ 49} Furthermore, the trial court explained to appellant the possible charges and penalties associated with each charge. Appellant told the trial court that he understood the charges and the penalties. Thus, appellant's Alford plea was made with an understanding of the nature of the charges.
 {¶ 50} "In dealing with an Alford plea, where the defendant professes [his] innocence but for other reasons determines it is in [his] best interest to plead guilty, the court must also require the state to show the factual basis for the charge and plea." State v. Gomez (Dec. 5, 1997), 11th Dist. No. 97-L-021, 1997 Ohio App. LEXIS 5450, at 8. As mentioned previously, the prosecution set forth relevant facts pertaining to the events of July 16, 2002, to establish a charge for either aggravated burglary or kidnapping.
 {¶ 51} Burglary, however, is established by the provisions of R.C. 2911.12(A)(1), to wit:
 {¶ 52} "No person, by force, stealth, or deception, shall do any of the following:
 {¶ 53} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]"
 {¶ 54} The prosecution's recitation of the facts revealed that when the police arrived they witnessed appellant kicking at Lisa's front door. Once appellant broke into Lisa's house, he physically restrained her movement by lying on top of her. Although she was not physically injured, appellant's actions represent an attempt to assault and/or batter Lisa. Thus, despite appellant's contention that the prosecution failed to demonstrate that he entered the house with a criminal purpose, the record clearly establishes a sufficient factual basis with respect to a burglary charge.
 {¶ 55} The record before us confirms that appellant'sAlford plea was made voluntarily and knowingly, and the prosecution presented a sufficient factual basis for a burglary charge. Appellant's second assignment of error is without merit.
 {¶ 56} Based upon the foregoing analysis, the trial court properly accepted appellant's Alford plea. We hereby affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.