OPINION
{¶ 1} Appellant, Adnan M. Al-Jumailee, appeals from the judgment entry of the Portage County Common Pleas Court. Pursuant to anAlford[1] plea, Al-Jumailee received a seven-year sentence for felonious assault. On appeal, Al-Jumailee argues that there was an insufficient basis for the trial court to accept the Alford plea. On review, we affirm the sentencing order of the trial court. *Page 2 
 {¶ 2} Al-Jumailee was indicted by the grand jury on December 8, 2005 for felonious assault with a firearm specification, in violation of R.C.2903.11(A)(2) and 2941.145. His felonious assault charge constituted a felony of the second degree.
 {¶ 3} On February 17, 2006, the trial court conducted a plea hearing and engaged Al-Jumailee in a Crim.R. 11(C) colloquy. Al-Jumailee stated that he was aware of the rights he was waiving and that he understood the effect of his waiver. He then entered a written Alford plea of guilty. The state of Ohio stated the underlying facts for the record:
 {¶ 4} "The defendant in Aurora, Portage County, Ohio on November 29th, 2005, did knowingly cause or attempt to cause physical harm to the victim in this case, Lisa Schreibman, by means of a deadly weapon, specifically, a nine millimeter Desert Eagle handgun and the facts briefly would be, your Honor, that the defendant shot her in her apartment. * * * She sustained injuries as a result of that, the bullet entered her shoulder and exited her back."
 {¶ 5} The trial court accepted Al-Jumailee's Alford plea, found him to be guilty, nollied the firearm specification, and referred the matter for a presentence report.
 {¶ 6} Al-Jumailee then filed a pro se motion to withdraw his guilty plea. The trial court conducted a hearing on Al-Jumailee's motion on April 10, 2006, at the conclusion of which Al-Jumailee decided to withdraw his motion to vacate his plea. Thereafter, on the same day, the trial court proceeded to sentence Al-Jumailee to a seven-year prison term. *Page 3 
 {¶ 7} Al-Jumailee timely appealed to this court, raising the following assignment of error:
 {¶ 8} "The trial court erred by accepting an Alford plea from the defendant when the factual allegations as stated by the state are insufficient to support a finding of guilt."
 {¶ 9} In his assignment of error, Al-Jumailee argues that the record does not reflect a sufficient basis to sustain his Alford plea. His argument has two parts: (1) the state of Ohio did not demonstrate Al-Jumailee's motive in entering the Alford plea, and (2) the state of Ohio did not provide a sufficient factual basis for the crime. We do not agree with either part of his argument.
 {¶ 10} "An Alford plea is a plea of guilty with a contemporaneous protestation of innocence.[2] A court may accept an Alford plea if the following requirements are met:
 {¶ 11} "`Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.'[3] "[4] *Page 4 
 {¶ 12} Al-Jumailee concedes that his plea was not coerced, that he was not deceived or intimidated, that his counsel was present at the time of the plea, that his counsel's advice was competent, and that he entered his plea with an understanding of the nature of the charges. He does, however, challenge the trial court's acceptance of his plea where the state of Ohio did not spread on the record his motivation for entering an Alford plea, either based on a desire for a lesser sentence or on his fear of the consequences of a jury trial. Thus, his challenge is not based on the trial court's failure to conduct a proper Crim.R. 11 colloquy; instead, it is based on the decision of the Supreme Court of Ohio in the Piacella case, where that court spelled out the five requirements for an Alford plea referred to above.
 {¶ 13} Even if it is not abundantly clear from the record at the plea hearing of February 17, 2006, that Al-Jumailee's motivation in entering an Alford plea was to procure a lesser sentence or because he feared the consequences of a jury trial, the record from the subsequent proceeding on April 10, 2006 concerning his motion to vacate plea makes clear his motivation.
 {¶ 14} At that latter hearing, the prosecutor cross-examined Al-Jumailee about the basis of his motion to vacate plea. When the prosecutor asked him whether he knew that the state of Ohio dropped the gun specification charge in return for a plea to the felony charge, Al-Jumailee answered that he was aware of the deal. Subsequently, the prosecutor and Al-Jumailee engaged in the following exchange:
 {¶ 15} "[Q:] Do you want to go to trial? Because you know you've got to go to trial on the original charge with the gun specification case, and there are no deals after that point? *Page 5 
 {¶ 16} "[A:] No, I don't want to go to trial.
 {¶ 17} "[Q:] What is it that you want this Court to do then? What is it you want this Court to do today?
 {¶ 18} "[A:] Go on with the plea.
 {¶ 19} "[Q:] You want to withdraw your motion and go on with the plea?
 {¶ 20} "[A:] Right."
 {¶ 21} Thus, it is clear from the exchange with the prosecutor that Al-Jumailee was aware that the state of Ohio was willing to drop the gun specification charge in return for a plea to a felony, and that, if he went to trial and was found guilty, his sentence would likely be greater than if he entered a plea to a felony.
 {¶ 22} In this case, therefore, even if the record from the plea hearing conducted on February 17, 2006 is not clear as to Al-Jumailee's motivation in entering an Alford plea, one may reasonably conclude from the record of the subsequent hearing on April 10, 2006, that he wished to enter a plea in order to receive a lesser sentence and to avoid the consequences of going to trial. For that reason, this part of his argument fails.
 {¶ 23} Next, Al-Jumailee argues that the recitation of the facts presented by the state of Ohio at the plea hearing was not a sufficient factual basis to satisfy the Piacella requirements for anAlford plea. Specifically, he contends that the state of Ohio, in addition to the facts that were recited, was required to indicate the names of the witnesses who would have testified against him at trial, the substance of their testimony, together with an enumeration of the physical evidence and scientific tests, if any, that would have been introduced at trial. We know of no such requirements for a factual basis, and decline to insist upon these additional requirements. *Page 6 
 {¶ 24} Footnote ten of the Alford decision requires a factual basis when a defendant pleads guilty at the same time as he is protesting his innocence, so that the trial court can assure itself that the defendant is entering his guilty plea voluntarily and intelligently:
 {¶ 25} "Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea * * *; and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence."[5]
 {¶ 26} Al-Jumailee was indicted for felonious assault with a firearm specification. R.C. 2903.11(A)(2) states that the crime of felonious assault is committed where one "cause[s] or attempts to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2941.145 provides that one who is found guilty of a firearm specification will be given a mandatory sentence where "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and * * * used it to facilitate the offense."
 {¶ 27} Even though the prosecutor's recitation of facts quoted above contains all the necessary elements to prove the crime of felonious assault with a firearm specification, Al-Jumailee claims that this recitation of the facts was not satisfactory and relies on this court's decision in State v. White to argue that the trial court must engage *Page 7 
in a lengthier discourse with the defendant before accepting an Alford plea.[6] However, we do not read the White case as prescribing such a standard for a factual basis. Instead, we read that decision as approving of the trial court's conscientious effort to make sure the appellant's plea was voluntary "as it was unclear whether appellant was entering the plea voluntarily."[7] Having recited all the elements necessary to prove the crime for which Al-Jumailee was indicted, the factual basis provided by the prosecutor was adequate.
 {¶ 28} Moreover, no reported Ohio decisions impose the requirements that Al-Jumailee is claiming for a factual basis.[8] Finally, Fed.R.Crim.P. 11(b)(3), which has the requirement of obtaining a factual basis for guilty pleas, does not impose the requirements argued for by Al-Jumailee.[9]
 {¶ 29} For the foregoing reasons, we conclude that Al-Jumailee's assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] North Carolina v. Alford (1970), 400 U.S. 25.
[2] Id. at subparagraph (c) of the syllabus.
[3] State v. Piacella (1971), 27 Ohio St.2d 92, syllabus.
[4] State v. White, 11th Dist. No. 2002-L-146, 2004-Ohio-6474, at ¶ 44-45.
[5] (Citations omitted.) North Carolina v. Alford, 400 U.S. at 38, fn. 10. See, also, State v. Piacella, 27 Ohio St.2d at *94-96, State v.Gomez (Dec. 5, 1997), 11th Dist. No. 97-L-021, 1997 Ohio App. LEXIS 5450, at *8.
[6] State v. White, supra.
[7] Id. at ¶ 9.
[8] See, e.g., State v. Krieg, 9th Dist. No. 04CA008442,2004-Ohio-5174, at ¶ 13-16, State v. Smith (Mar. 12, 1998), 8th Dist. No. 72027, 1998 Ohio App. LEXIS 983, at *8-9.
[9] See Santobello v. New York (1971), 404 U.S. 257, 261-262. *Page 1