OPINION
{¶ } In this delayed appeal, defendant-appellant, Alan D. Fink, appeals his judgment of conviction and sentence in the Ashtabula County Court of Common Pleas, following an entry of a negotiated guilty plea to two counts of Rape, two counts of Pandering Obscenity Involving a Minor, and one count of Pandering Sexually Oriented Matter Involving a Minor. For the reasons that follow, we affirm the judgment of the lower court. *Page 2 
 {¶ 2} On December 20, 2004, Fink was indicted on sixty counts of Rape, felonies of the first degree, in violation of R.C. 2907.02, each involving the specification of a victim who is less than ten years of age; thirty-seven counts of Pandering Obscenity Involving a Minor, felonies of the fourth degree, in violation of R.C. 2907.321(A)(5); thirty-seven counts of Pandering Obscenity Involving a Minor, felonies of the second degree, in violation of R.C. 2907.321(A)(1); and twenty-two counts of Pandering Sexually Oriented Matter Involving a Minor, felonies of the second degree, in violation of R.C. 2907.322
(A)(1).
 {¶ 3} The aforementioned Rape charges and the associated specifications stem from Fink's repeated sexual abuse of his nine year old daughter over a one year period.
 {¶ 4} On December 29, 2004, Fink was arraigned and entered a plea of not guilty to the charges. He was ordered by the court to undergo sanity and competency evaluations.
 {¶ 5} On July 27, 2005, Fink withdrew his former pleas of not guilty, by signing a negotiated plea agreement, in which he pled guilty to two counts of Rape, felonies of the first degree, in violation of R.C.2907.02; one count of Pandering Obscenity Involving a Minor, a felony of the fourth degree, in violation of R.C. 2907.321(A)(5); one count of Pandering Obscenity Involving a Minor, a felony of the second degree, in violation of R.C. 2907.321(A)(1); and one count of Pandering Sexually Oriented Matter Involving a Minor, a felony of the second degree, in violation of R.C. 2907.322(A)(1). Pursuant to the aforementioned plea agreement, the state deleted the specification that the victim was less than ten years of age on the Rape charges, and agreed to enter a nolle prosequi to the remaining charges. *Page 3 
 {¶ 6} As part of the plea agreement, the parties further stipulated and agreed to a joint recommendation for an aggregate term of imprisonment of twenty years, with ten years each for both rape counts, to be run consecutively to each other; eight years each for the second degree Pandering Obscenity and Pandering Sexually Oriented Matter charges; and eighteen months for the fourth degree Pandering Obscenity charge, with a recommendation that these sentences run concurrently to the sentences for the Rape charges.
 {¶ 7} With regard to the possible penalties for the Rape charges, the plea agreement stated as follows:
 {¶ 8} "I understand the MAXIMUM penalty COULD be: a maximum basic prison term for a felony of the first degree of 3, 4, 5, 6, 7, 8, 9 or 10 years, of which at least three (3) years are mandatory, however, because the victim was under 10 years of age, I understand I faced a mandatory life sentence on each felony of the first degree Rape charge, absent the State's Amendment. The maximum fine possible is $20,000.00, of which $-0-is mandatory during which I am not eligible for judicial release. If I am now on felony probation or parole, this plea may result in revocation proceedings and any new sentence could be imposed consecutively.
 {¶ 9} "I know any prison term stated will be the term served without good time credit."
 {¶ 10} Fink waived preparation of a Presentence Investigation Report (PSI) and the matter proceeded to sentencing the same day. Fink was represented by counsel at this hearing. The court provided all parties an opportunity to speak and then adopted the joint sentencing recommendation. The court sentenced Fink to a total of twenty *Page 4 
years imprisonment, as recommended by the parties' joint sentencing recommendation. In addition, the court adjudicated Fink a sexually oriented offender, pursuant to a stipulation by the parties.
 {¶ 11} Appellant filed a motion for delayed appeal, which was granted by this court, and raises the following assignments of error on appeal:
{¶ l2} "[1.] Appellant's plea of guilty to numerous charges of rape was not knowing and voluntary and ought to be vacated[,] as the trial court failed to substantially comply with the requirements of Crim.R. 11.
 {¶ 13} "[2.] The representation of Appellant's trial counsel fell below an objective standard of reasonableness and appellant was prejudiced as a result of the deficient performance."
 {¶ 14} In his first assignment of error, Fink argues that he did not enter into his plea voluntarily, intelligently and knowingly, with full understanding of the consequences, since the trial court did not substantially comply with the requirements of Crim.R. 11(C)(2).
 {¶ 15} Pursuant to Crim.R. 11 (C), "the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a).
{¶ l6} As stated by this court, "Crim.R. 11(C)(2) creates two separate sets of rights that the trial court is required to discuss with a defendant prior to its acceptance of *Page 5 
a guilty plea. The first set addresses constitutional rights; the second set addresses non-constitutional rights." State v. White, 11th Dist. No. 2002-L-146, 2004-Ohio-6474, at ¶ 22 (citations omitted).
{¶ l7} In the instant matter, Fink does not dispute that the trial court fully informed him of his constitutional rights, rather he argues that the trial court erred to his prejudice by misinforming him of a non-constitutional right, i.e., that the Rape charges against him were non-probationary offenses, carrying a mandatory prison sentence.[1]
See, e.g. State v. Nero (1990), 56 Ohio St.3d 106, 108; see also,State v. Gruber, 11th Dist. No. 2000-L-031, 2001-Ohio-8898, 2001 Ohio App. LEXIS 5057, at *5 ("[t]he * * * requirements listed in Crim.R. 11(C)(2)(a) * * * are non-constitutional").
 {¶ 18} "Unlike * * * constitutional rights, which necessitate strict compliance, non-constitutional rights require that the trial court demonstrate substantial compliance. * * * Substantial compliance means `that under the totality of the circumstances[,] the defendant subjectively understands the implications of his plea and the rights he is waiving.'" White, 2004-Ohio-6474, at ¶ 25, citing Nero,56 Ohio St.3d at 108; accord State v. Scarnati, 11th Dist. No. 2001-P-0063, 2002-Ohio-711, 2002 Ohio App. LEXIS 776, at *11 ("while strict compliance is preferred, a trial court need not exercise strict adherence when discussing the non-constitutional requirements * * *").
 {¶ 19} Fink cites to the following colloquy as evidence that the trial court failed to substantially comply with the explicit requirements of Crim.R. 11 (C)(2)(a): *Page 6 
 {¶ 20} "THE COURT: * * * Now, is he eligible for community controls? I think he is. These aren't mandatory —
 {¶ 21} "[DEFENSE COUNSEL]: No.
 {¶ 22} "THE COURT: Technically under the law you're eligible for community control. That's what we used to call probation. If the court determined to impose a term of community control on you, you could be subject to those conditions for a period of five years. As a condition of community control the court could impose a jail sentence of up to six months that would be served in the Ashtabula County Jail."
 {¶ 23} Based solely upon the foregoing, it appears that the trial court erroneously misinformed Fink about being eligible for community control when he, in fact, was not.
 {¶ 24} However, even "if the trial court fails to substantially comply with Crim.R. 11(C), the defendant must also demonstrate that he or she was prejudiced by this lack of compliance." Id. at ¶ 26, citingState v. Johnson (1988), 40 Ohio St.3d 130, 134. The test for prejudice is "whether the plea would have otherwise been made," absent the alleged error. State v. Stewart (1977), 51 Ohio St.2d 86, 93; State v.Clark, 11th Dist. No. 2006-A-0004, 2007-Ohio-1780, at ¶ 27 (citation omitted).
 {¶ 25} As an initial matter, we note that the plea agreement Fink signed, and presumably read, plainly stated that "the MAXIMUM penalty [for each Rape charge] COULD BE: a maximum basic prison term * * * of 3, 4, 5, 6, 7, 8, 9 or 10 years of which at least three (3) years aremandatory," (emphasis added).
 {¶ 26} At the plea hearing itself, the court again informed Fink of the maximum penalties for the two counts of Rape against him: *Page 7 
 {¶ 27} "THE COURT: * * * I want to explain to you the maximum penalties in this case.
 {¶ 28} "First of all, Counts One and Two, the Rape counts are both felonies of the first degree. They're punishable by potential prison terms of at least three but not more than ten years on each count * * *."
 {¶ 29} Although the court initially misinformed Fink regarding his eligibility for probation, he was subjectively aware that he was not eligible. Fink's waiver of his Presentence Investigation Report, after the court explained the legal effect of doing so, was evidence of his awareness. Pursuant to Crim.R. 32.2, a court "[i]n felony cases * * *shall * * * order a presentence investigation report before imposing community control sanctions or granting probation." (emphasis added).
 {¶ 30} Upon indication from his defense counsel that Fink would waive his right to a Presentence Investigation Report, the court confirmed his understanding of the implications of this waiver as follows:
 {¶ 31} "THE COURT: All right. You understand, Mr. Fink, by waiving a Presentence Investigation report I cannot consider community control in this case? The law says I can't grant community control without a Presentence Investigation Report. So by waiving it, you're waiving any hope or any right to have the court consider community control in this case as a penalty. Do you understand that?
 {¶ 32} "THE DEFENDANT: Yes, I understand.
 {¶ 33} "THE COURT: And that's what you want to do?
 {¶ 34} "THE DEFENDANT: Yes, sir.
 {¶ 35} "* * * *Page 8 
 {¶ 36} "THE COURT: All right. The court having accepted the pleas of guilty and the parties [sic] having waived their right to a Presentence Investigation Report, the court will proceed with sentencing at this time."
 {¶ 37} "[W]here the totality of the circumstances indicates that the defendant knew he was ineligible for probation[, he] was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a)."Nero, 56 Ohio St.3d at 108-109; Stewart, 51 Ohio St.2d at 92 ("[W]hen there is not even a request for referral to prepare a report precedent to the court considering probation it would appear that there has been substantial compliance with the rule").
 {¶ 38} We conclude Fink demonstrated a subjective understanding of the consequences of his plea and the rights he was waiving, through his acknowledgement that a waiver of his right to a PSI would preclude probation as a sentencing option. In light of "the admitted understanding of appellant that his sentence must include actual incarceration * * * it is difficult to perceive on what basis there was an expectation of probation." Maxey, 1992 Ohio App. LEXIS 3862, at *10.
 {¶ 39} Fink's first assignment of error is without merit.
 {¶ 40} In his second assignment of error, Fink argues that defense counsel's representation was ineffective and he was prejudiced by counsel's ineffective performance.
 {¶ 41} A plea of guilty "waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." State v. Barnett (1991), 73 Ohio App.3d 244,249. Counsel's performance will not be deemed ineffective unless *Page 9 
the defendant can demonstrate that his counsel's performance fell below "an objective standard or reasonable representation," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, 142 citing Strickland v.Washington (1984), 446 U.S. 668, 687-694.
 {¶ 42} Fink argues that his counsel was ineffective because the record reveals that "trial counsel was unaware * * * the offenses were mandatory prison offenses." In support of his proposition, he again cites to the following:
 {¶ 43} "THE COURT: * * * Now, is he eligible for community controls? I think he is. These aren't mandatory —
 {¶ 44} "[DEFENSE COUNSEL]: No.
 {¶ 45} Fink argues that "it is clear from this exchange that trial counsel was unaware of the potential sentences in this case," and, as a result "there is no way she could have properly advised appellant as to what his potential sentences could have been and whether or not there would be a possibility of judicial release."
 {¶ 46} We disagree. There is nothing in the record that would indicate that Fink's counsel was unaware of the potential sentences in this case. Defense counsel's answer is more likely a response to the court's initial query about Fink's eligibility for community control. This is borne out by mandatory sentencing language in the negotiated plea agreement itself, as well as the fact that counsel advised Fink to waive his right to a PSI "in light of the forensic evaluation we have today." *Page 10 
 {¶ 47} Even if we were to presume that counsel had incorrectly believed that Fink was eligible for community controls, he has failed to establish any prejudice due to this alleged error.
 {¶ 48} To establish prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Lewis (August 19, 1994), 11th Dist. No. 92-T-4687, 1994 Ohio App. LEXIS 3652, at *8, citing Hill v.Lockhart (1985), 474 U.S. 52, 59.
 {¶ 49} We can think of no conceivable reason why Fink would insist on going to trial on the Rape charges against him, in light of the fact that he was charged with sixty counts, each with a life sentence specification, prior to having entered into the plea agreement.
 {¶ 50} Fink's second assignment of error is without merit.
 {¶ 51} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J.,
concur.
[1] R.C. 2929.13, promulgating the sentencing guidelines for various specific offenses, provides that "[T]he court shall impose a prison term or terms * * * for * * * [a]ny rape, regardless of whether force was involved and regardless of the age of the victim." R.C. 2929.13(F)(2) (emphasis added). "If actual incarceration is mandated, probation is precluded." State v. Maxey (July 23, 1992), 4th Dist. No. CA 526, 1992 Ohio App. LEXIS, 3862, at *6 n. 3 (citation omitted). *Page 1