JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tremayne Anderson, appeals his plea and sentence. For the reasons that follow, we affirm in part, vacate the sentence and remand for resentencing.
 {¶ 2} Appellant was indicted by the Cuyahoga County Grand jury on one count of carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12, and one count of having a weapon while under a disability, a felony of the third degree in violation of R.C. 2923.13. Appellant pleaded guilty to both counts and was sentenced to the minimum term of six months on the carrying a concealed weapon charge and the minimum term of one year on the having a weapon while under a disability charge. The sentences were ordered to be served concurrently to each other, but consecutively to another sentence appellant was serving at the time. Appellant now challenges his plea and sentence.
 {¶ 3} In his first assignment of error, appellant contends that the trial court sentenced him pursuant to an unconstitutional sentencing scheme. For the reasons explained below, we vacate appellant's sentence and remand for resentencing.
 {¶ 4} In the recently decided case of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code violated the Sixth Amendment and the U.S. Supreme Court's holding in Blakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2531,159 L. Ed. 2d 403. Among the sections the court found unconstitutional were R.C. 2929.14(E) governing consecutive sentences. Foster, supra, at paragraph three of the syllabus.
 {¶ 5} The Foster court found that the previously mentioned sentencing provision, among others, violated the Sixth Amendment because it required a judge to engage in fact-finding before imposing a sentence greater than the maximum term authorized by a jury verdict or a defendant's admissions. Id. at ¶ 83. As the court stated, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ¶ 82, citing United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621.
 {¶ 6} The Foster court determined that the above mentioned provision was severable from the sentencing code. Foster,
supra, at paragraph four of the syllabus. Having severed the provision, the court determined that judicial factfinding was no longer required prior to the imposition of consecutive sentences.
 {¶ 7} Due to the unconstitutional sentencing provisions that were applied, the Foster court determined that the four cases it was reviewing in its opinion, in addition to "those pending on direct review," must be remanded for resentencing. Id. at ¶ 104. The court stated that the sentencing courts "shall consider" on resentencing those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range. Id. at ¶ 105.
 {¶ 8} Thus, according to Foster, this case must be remanded for resentencing. Appellant argues, however, that applyingFoster to cases pending on direct appeal constitutes an unconstitutional retroactive application of the law. We find appellant's argument not ripe for our review because he has yet to be sentenced under Foster. See State v. Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498; State v. Jones, Cuyahoga App. Nos. 87262 and 87263, 2006-Ohio-4100; State v. Reid, Cuyahoga App. No. 87290, 2006-Ohio-3978, citing State v. Rady, Lake App. No. 2006-L-102, 2006-Ohio-3434; State v. Pitts, Allen App. No. 01-06-02, 2006-Ohio-2796; State v. Lathan, Lucas App. No. L-03-1188, 2006-Ohio-2490; State v. Sanchez, Defiance App. No. 4-05-47, 2006-Ohio-2141; and State v. McKercher, Allen App. No. 1-05-83, 2006-1172.
 {¶ 9} Accordingly, appellant's first assignment of error is sustained as it relates to the trial court's judicial factfinding in sentencing him, and overruled as not ripe for review as it relates to the application of Foster constituting an ex post facto law.
 {¶ 10} In his second assignment of error, appellant contends that his plea was unconstitutionally entered because the trial court failed to advise him that he had a right to testify at trial.
 {¶ 11} In regard to nonconstitutional rights, we review a trial court's adherence to Crim.R. 11 for substantial compliance.State v. Scott, Cuyahoga App. Nos. 84382, 84383, 84384, 84389,2005-Ohio-3690. Where the constitutional rights listed in Crim.R. 11(C) are concerned, the review is heightened to a strict compliance analysis. State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474; State v. Higgs (1997), 123 Ohio App.3d 400,704 N.E.2d 308.
 {¶ 12} Crim.R. 11(C) provides, in relevant part, as follows:
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "* * *
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 16} Appellant maintains that the trial court failed to advise him of his right to testify in violation of Crim.R. 11 and his constitutional rights. This court addressed this issue inState v. Ip, Cuyahoga App. No. 86243, 2006-Ohio-2303. Specifically, this court noted the following:
 {¶ 17} "Crim.R. 11 requires the trial court to, among other things, advise defendant he `cannot be compelled to testify against himself.' The trial court specifically advised defendant `you have the right to remain silent, not to testify at trial and no one can comment on the fact that you did not testify at trial.' Accordingly, the trial court strictly complied by informing defendant of the constitutional rights enumerated in Crim.R. 11.
 {¶ 18} "The right to testify is not specifically enumerated in Crim.R. 11 * * *." Id. at ¶¶ 30-31. (Internal citations to record omitted.)
 {¶ 19} Here, appellant was advised, and indicated he understood, that he had "the right to remain silent and not testify, and no none could comment on the fact that [he] did not testify at trial[.]" As such, the trial court strictly complied with the requirement of informing appellant of his constitutional rights pursuant to Crim.R. 11.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} This cause is affirmed in part, vacated in part and remanded to the court of common pleas for resentencing.
It is ordered that appellant and appellee equally share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., concur.