[Cite as *State v. Darling*, 2017-Ohio-7603.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104517**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TEVAUGHN DARLING

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-602351-A

**BEFORE:** Kilbane, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Christopher D. Schroeder
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Tevaughn Darling ("Darling"), appeals from his guilty plea and sentence for conspiracy, heroin trafficking, having weapons while under disability, possession of criminal tools, and tampering with evidence. For the reasons set forth below, we affirm and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry incorporating its consecutive sentencing findings. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

{¶2} In September 2015, Darling and his codefendants, Duane Washington ("Washington"), Terri Buckner ("Buckner"), and Erica Crawford ("Crawford"), were charged in a 14-count indictment in Cuyahoga C.P. No. CR-15-599133-A. Buckner was Darling's girlfriend during the times relevant to this appeal, and Crawford is the mother of Darling's son. The indictment alleged that these defendants trafficked heroin and committed other related offenses between July 6, 2015 and September 9, 2015.

{¶3} Darling and his codefendants were all represented by retained counsel at their arraignments and at initial pretrials. Darling retained two attorneys to represent him. On November 6, 2015, the state filed a notice of conflict and a "motion to disqualify all co-defendants' attorneys."

{¶4} In response to the state's motion, Darling's first attorney filed a motion to withdraw as counsel. The trial court granted the first attorney's motion to withdraw that same day, without objection from the state or Darling. The second attorney Darling had retained remained as his counsel. The state then withdrew its motion to disqualify

counsel as it related to counsel for Darling, Buckner, and Crawford. It did not withdraw the motion as it related to Washington's counsel.

**{¶5}** In January 2016, Darling and his codefendants were charged in the present matter, a reindictment of CR-15-599133-A, to include additional offenses alleged to have occurred between January 1, 2015 to December 31, 2015, and to add two additional codefendants. Although the docket does not reflect when or why, it is clear that at some point the second retained attorney ceased his representation of Darling. An assistant Cuyahoga County public defender was appointed to represent Darling in the present, reindicted case. On January 28, 2016, the state filed a motion to dismiss CR-15-599133-A without prejudice, which the trial court granted the next day.

**{¶6}** In April 2016, Darling pleaded guilty in the reindicted case to one count of conspiracy, six counts of drug trafficking, having a weapon while under disability, possessing criminal tools, and tampering with evidence.[1] Pursuant to a "package deal" plea agreement with the state, Buckner and Crawford could avoid the felony charges indicted against them and plea to misdemeanors in exchange for Darling's guilty plea.

**{¶7}** The trial court sentenced Darling to an aggregate of 14 years in prison. His sentence included mandatory time on the drug trafficking counts, a mandatory consecutive sentence on the one-year firearm specification, and the imposition of discretionary consecutive sentences. The trial court waived any discretionary fines, but

---

[1] One of the six drug trafficking counts to which Darling pled included a one-year firearm specification.

imposed a mandatory fine of $7,500 on each of the five second-degree felony drug trafficking counts for a total fine of $37,500. The trial court also ordered Darling to pay court costs.

{¶8} It is from his plea and sentence that Darling appeals, raising the following six assignments of error for review.

## Assignment of Error One

The state deprived [Darling] of retained counsel of his choice and due process of law by filing groundless objections to the representation of his retained counsel, thereby intimidating his retained counsel and causing his retained counsel to withdraw. Sixth and Fourteenth Amendments, Constitution of the United States; Article I, Section 10, Constitution of the State of Ohio.

## Assignment of Error Two

[Darling] was denied his right to the effective assistance of counsel when his retained counsel gave in to intimidation by the state and abandoned his client by withdrawing from the case.

## Assignment of Error Three

The trial court committed prejudicial error and denied [Darling] due process of law by failing to inform [Darling] of his right to testify on his own at trial before accepting his guilty plea.

## Assignment of Error Four

[Darling] was denied due process of law because his guilty pleas were not made knowingly, intelligently, and voluntarily because they were induced by promises to allow co-defendants [Buckner] and [Crawford] to avoid the serious felony charges filed against them by pleading guilty to misdemeanor charges _ an offer that was part of a "package deal plea bargain" and was conditioned upon [Darling] pleading guilty to the offenses outlined by the Prosecuting Attorney _ and because of the existence of other coercive circumstances surrounding his guilty pleas.

## Assignment of Error Five

The trial court committed prejudicial error by imposing consecutive sentences without making the statutory findings necessary to support consecutive sentences.

## Assignment of Error Six

The trial court committed prejudicial error by imposing fines and court costs without considering the defendant's present and future ability to pay.

## Right to Counsel of Choice

{¶9} Darling's first and second assignments of error relate to the proceedings in CR-15-599133-A, which was dismissed without prejudice after the charges therein were reindicted in the present case. Initially, we note that Darling's notice of appeal specified only the present case and did not designate CR-15-599133-A. App.R. 3(D) states, in relevant part: "the notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." However, the purpose of a notice of appeal is to "'apprise the opposite party of the taking of an appeal. * * * If this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished.'" *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982), quoting *Couk v. Ocean Accident & Guar. Corp., Ltd.,* 138 Ohio St. 110, 116 (1941).

{¶10} Here, the state responded to, and was therefore clearly apprised of, Darling's first two assignments of error.

{¶11} In his first assignment of error, Darling argues the state deprived him of his

"retained counsel of his choice" by filing "groundless objections" in its motion to disqualify counsel "thereby intimidating his retained counsel to withdraw." Darling argues in his second assignment of error that his retained counsel's withdrawal "denied him his right to the effective assistance of counsel," amounting to "abandon[ment]."

{¶12} We find that Darling waived these challenges by pleading guilty. "It is well settled that 'a guilty plea waives all nonjurisdictional defects (other than errors affecting the validity of the guilty plea) in the prior proceedings.'" *State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 16, quoting *State v. Moore*, 2d Dist. Montgomery No. 22365, 2008-Ohio-4322, ¶ 12. Here, Darling does not assert that his retained counsel's withdrawal affected the validity of his plea, nor does he argue ineffective assistance of counsel as to his assistant public defender who represented him at the time of his plea.

{¶13} A guilty plea waives all constitutional claims, apart from challenging the constitutionality of the plea itself. *State v. Malenda*, 8th Dist. Cuyahoga Nos. 104736, 104829, 2017-Ohio-5574, ¶ 9, citing *State v. Thompson*, 8th Dist. Cuyahoga No. 104322, 2016-Ohio-8310, ¶ 4. Darling's first assignment of error does not relate to the constitutionality of his plea itself, but rather argues a deprivation of his right to choice of counsel in the first case, CR-15-59913-A, which was eventually dismissed without prejudice.

{¶14} The United States Supreme Court has stated:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly

> admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Darling waived the Sixth Amendment challenges in his first and second assignments of error because they are premised upon events that occurred prior to the entry of his guilty plea, and he does not assert that these events affected the validity of his plea.

{¶15} Moreover, even if Darling had not waived these challenges, the Sixth Amendment right to choice of counsel is not implicated here, nor can we assign error because Darling's first retained attorney voluntarily withdrew before the state's motion was ruled upon by the trial court. *See United States v. Dansker*, 537 F.2d 40, 64 (3d Cir.1976) (declining to consider a Sixth Amendment claim where defense counsel voluntarily withdrew from the case before a hearing on alleged conflicts could be held); *Gover v. Vasbinder*, E.D.Mich. No. 2:06-CV-15184, 2009 U.S. Dist. LEXIS 129527, 142 (June 26, 2009) (noting that neither petitioner nor the court were able to find a single case suggesting that a defense counsel's voluntary withdrawal from a case alone implicates the Sixth Amendment right to choice of counsel).

{¶16} Accordingly, the first and second assignments of error are overruled.

## Guilty Plea

{¶17} Darling's third and fourth assignments of error relate to the voluntariness of his plea under Crim.R. 11. The standard of review we must apply for compliance with the requirements set forth in Crim.R. 11(C) is de novo. *State v. Roberts*, 8th Dist. Cuyahoga No. 89453, 2010-Ohio-3302, ¶ 19, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *Id.*

{¶18} In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his guilty plea. *State v. Gatson*, 8th Dist. Cuyahoga No. 94668, 2011-Ohio-460, ¶ 5. "'Adherence to the provisions of Crim.R. 11(C)(2) requires an oral dialogue between the trial court and the defendant that enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest.'" *Id.*, quoting *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976), paragraph two of the syllabus. "'Unlike * * * constitutional rights, which necessitate strict compliance [with Crim.R. 11(C)], nonconstitutional rights require that the trial court demonstrate substantial compliance.'" *State v. Fink*, 11th Dist. Ashtabula No. 2006-A-0035, 2007-Ohio-5220, ¶ 18, quoting *State v. White*, 11th Dist. Lake No. 2002-L-146, 2004-Ohio-6474, ¶ 25. "Substantial compliance means 'that under the totality of the circumstances[,] the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *White* at ¶ 25, quoting *State v.*

*Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶19}** In his third assignment of error, Darling asserts that his plea is invalid under Crim.R.11 because the trial court failed to advise him of his right to testify on his own behalf. This court has held, however, that a trial court need not specifically advise a criminal defendant who pleads guilty that he is giving up the right to testify on his own behalf as a result of a plea because Crim.R. 11(C) does not expressly require it. *State v. Vaughn*, 8th Dist. Cuyahoga No. 87245, 2006-Ohio-6577, ¶ 29, citing *State v. Ip*, 8th Dist. Cuyahoga No. 86243, 2006-Ohio-2303, ¶ 31. "The right to testify is not specifically enumerated in Crim. R. 11." *Ip.* at ¶ 31. Where a trial court advises a defendant of the right to remain silent and to not testify at trial, it strictly complies with the constitutional requirement under Crim.R. 11 to advise the defendant that he or she "cannot be compelled to testify against himself or herself." *Ip.* at ¶ 30–31; *State v. Anderson*, 8th Dist. Cuyahoga No. 87309, 2006-Ohio-5431, ¶ 19.

**{¶20}** Here, the trial court questioned Darling:

THE COURT: Do you know if you decided to go to trial and remain silent and not testify, no one could comment on the fact that you did not testify?

[DARLING]: Yes, your Honor.

**{¶21}** We have held that the exact language used by the trial court here is sufficient to inform a criminal defendant of his or her constitutional right not to testify. *Id*.

**{¶22}** Accordingly, Darling's third assignment of error is overruled.

{¶23} In Darling's fourth assignment of error, he argues that he was denied due process of law and that his guilty pleas were not made knowingly, intelligently, and voluntarily because the state coerced him to plead guilty by offering a "package deal" to him and his codefendants, Buckner and Crawford. The package deal offered by the state provided that Buckner and Crawford would be able to avoid felony convictions and be allowed to plead guilty to misdemeanors in exchange for Darling's guilty plea. Darling asserts that the state indicted Buckner and Crawford to pressure him to plead guilty.

{¶24} We have previously held that a defendant is not deprived of due process where an offer of a plea bargain is conditioned on acceptance by codefendants. *State v. Hlavsa*, 8th Dist. Cuyahoga No. 77199, 2000 Ohio App. LEXIS 4885, 14 (Oct. 19, 2000); *State v. Cray*, 8th Dist. Cuyahoga No. 51534, 1986 Ohio App. LEXIS 9344 (Dec. 18, 1986). "It is well established that there is no constitutional right to engage in plea bargaining." *Cray* at 5, citing *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) and *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). "Package deal" plea offers are not *per se* unconstitutional. *State v. Franks*, 9th Dist. Summit No. 18767, 1998 Ohio App. LEXIS 4756, 9 (Oct. 7, 1998). When defendants are advised by competent counsel and are protected by the appropriate procedural safeguards, they are presumptively capable of an intelligent and voluntary choice to plead guilty and forgo trial. *Id*., citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

{¶25} "Although package deals may present a greater risk of coercion, 'the

voluntariness test [of Crim.R. 11] adequately protects the defendant's due process rights, while at the same time, preserving the benefits of the plea bargaining process.'" *Franks*, quoting *United States v. Wheat*, 813 F.2d 1399, 1405 (9th Cir.1987), *aff'd on other grounds*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140. Darling has not asserted error as to the trial court's plea colloquy under Crim.R. 11(C)(2), with the exception of his third assignment of error that we have addressed and overruled.

**{¶26}** In reviewing the trial court's plea colloquy and the totality of the circumstances surrounding Darling's plea, we find that the trial court fully complied with Crim.R. 11(C)(2) and properly determined that Darling's plea was made knowingly, intelligently, and voluntarily. Accordingly, Darling's fourth assignment of error is overruled.

<u>Sentence</u>

**{¶27}** In Darling's fifth assignment of error, he claims that the trial court failed to make the necessary findings under R.C. 2929.14(C) to support the imposition of consecutive sentences. We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law;" or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Wells* at ¶

12.

**{¶28}** The presumption under Ohio law is that prison terms are to be served concurrently and provides that a trial court may only impose consecutive sentences after making three distinct findings. R.C. 2929.14; *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 56. Specifically, the trial court must find that a consecutive sentence for multiple offenses is "necessary to protect the public from future crime or to punish the offender." It must also find that the consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)–(c) apply. *Id.*

**{¶29}** We find that the trial court made all of the findings required under R.C. 2929.14(C) by stating:

> As to whether there is a presumption for concurrent terms, the Court has discretion to impose consecutive sentences if necessary to protect the public and punish, but, of course, that needs to not be disproportionate.

> Mr. Darling, this Court takes very seriously the fact that you were distributing or trafficking in heroin. There are people who we have on probation who are dying every day over this type of thing, and it results also on the street for those who are involved in the trade as well, as you just alluded.

> * * *

> Let me make the finding here just so you're — as I said, the presumption is

in favor of concurrent terms, with the Court's discretion to impose a consecutive sentence. The crimes committed, number one, while he was under sanction to this court. The harm is great. There are people dying in the community. And he has failed to respond favorably in the past.

{¶30} The state asked the court to clarify that Darling was under a community control sanction at the time of these offenses:

> [PROSECUTOR]: Judge, we would just ask that the additional finding that these crimes were committed while he was under community control.
>
> THE COURT: I did say that.

{¶31} Darling argues that these statements made by the trial court do not amount to the required findings. The Ohio Supreme Court has held:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, *but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute*, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

(Emphasis added.) *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

**{¶32}** Although Darling does not raise the trial court's failure to incorporate these findings in its sentencing entry, the state concedes this error. A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Id*. at ¶ 30.

**{¶33}** Accordingly, Darling's fifth assignment of error is overruled.

**{¶34}** In his sixth assignment of error, Darling asserts that the trial court erred in imposing fines and court costs because the record "fails to disclose any proof" that the trial considered his present and future ability to pay. The trial court waived discretionary fines, but imposed the mandatory fine under R.C. 2929.18(B)(1) on each of the five, second-degree felony drug trafficking counts (Counts 5, 6, 7, 8, and 21) for a total fine of $37,500, as well as court costs.

**{¶35}** A trial court has broad discretion when imposing financial sanctions upon a defendant, and an appellate court will review the trial court's decision for an abuse of discretion. *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 5, citing *State v. Schneider*, 8th Dist. No. 96953, 2012-Ohio-1740, ¶ 9. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶36}** This court has held that

imposition of the mandatory fine [under R.C. 2929.18(B)(1) for felony drug offenses of the first, second or third-degree] is *required* unless: (1) the

offender files an affidavit of indigence prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines.

(Emphasis added.) *State v. Raimundy-Torres*, 8th Dist. Cuyahoga No. 101490, 2015-Ohio-1450, ¶ 12, citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687 N.E.2d 750; R.C. 2929.18(B)(1). The record demonstrates that Darling did not file an affidavit of indigency prior to sentencing. The Ohio Supreme Court has held that

the fact that the affidavit was not properly filed prior to sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine.

*Gipson* at 633. In failing to file an affidavit of indigency prior to sentencing, Darling failed to meet the requirements of R.C. 2929.18(B)(1) to avoid paying the mandatory fine; it is therefore irrelevant whether the trial court considered his ability to pay under R.C. 2929.19 (B)(5).

**{¶37}** We note that Darling did not object to the trial court's imposition of the mandatory fine at the sentencing hearing. This court has found:

It is clear that the court should consider the impact a fine has on the offender, however, the court is required to consider such factors only if evidence is offered at the sentencing hearing. Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that he does not have the resources to pay the fine, he waives any objection to the fine on appeal.

*State v. Frazier*, 8th Dist. Cuyahoga No. 71675-78, 1997 Ohio App. LEXIS 4560, 16 (Oct. 9, 1997), citing *State v. Burkitt*, 89 Ohio App.3d 214, 229, 624 N.E.2d 210 (2d Dist.1993). Therefore, Darling waived a challenge to the trial court's imposition of the mandatory fine.

**{¶38}** Darling also argues that the trial court erred in failing to consider his ability to pay court costs. A trial court is not required to consider a defendant's ability to pay when imposing court costs. R.C. 2947.23(A) requires a judge to assess costs against all convicted criminal defendants, but "'waiver of costs is permitted — but not required — if the defendant is indigent.'" *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. We have held that a trial court, in its discretion, may waive court costs if the defendant is indigent. *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 18; *See also* R.C. 2947.03(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of [costs], at the time of sentencing or at any time thereafter."). Therefore, the trial court was within its discretion to order court costs.

**{¶39}** Accordingly, Darling's sixth assignment of error is overruled.

**{¶40}** Judgment affirmed. The matter is remanded for the limited purpose of having the trial court incorporate its consecutive sentence findings in a nunc pro tunc sentencing journal entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR