[Cite as *State v. Robinson*, 2018-Ohio-2403.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106329**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DIAMOND ROBINSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614273-C

**BEFORE:** McCormack, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 21, 2018

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
55 Public Square, Suite 700
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Kevin E. Bringman
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Diamond Robinson appeals his guilty plea, claiming he entered it under duress because a codefendant was unaware that the state's offer was contingent on being accepted by the four co-offenders and because Robinson lacked faith in his trial counsel. We affirm.

{¶2} Robinson pleaded guilty to two counts of burglary in violation of R.C. 2911.12(A)(2), a single count of grand theft in violation of R.C. 2913.02(A)(1), and a single count of receiving stolen property in violation of R.C. 2913.51. The trial court imposed an aggregate prison sentence of 11 years. All but the receiving stolen property counts were consecutively imposed to each other.

{¶3} During the change of plea colloquy, one of the codefendants sought to plead guilty and was taken aback by the state's requirement for unanimity among the co-offenders. Before considering the issue, the trial court began the process of determining whether all the codefendants would accept the plea offer. During that inquiry, Robinson requested the appointment of new counsel. Upon being questioned, Robinson claimed that his attorney precluded Robinson from taking possession of the discovery and that his trial counsel had lied about the existence of a video that demonstrated Robinson's involvement in the crime. The state anticipated demonstrating Robinson's complicity in the burglaries through two video clips, one depicting particular clothing on Robinson on the morning of one of the burglaries and another smart-phone video recording depicting a person wearing that same clothing in the driver's seat of a stolen 2016 KIA vehicle during the commission of the crime. Robinson eventually admitted to viewing the combined video, but then claims there was a video shot from another location that he had not viewed. The state explained that there was one video file that

contained multiple clips, and Robinson's counsel indicated that the clips had been viewed with Robinson. Further, Robinson appeared to have knowledge of the video clips, bolstering counsel's explanation.

{¶4} Robinson further complains that his counsel refused to provide Robinson the text messages that Robinson sent confirming his involvement in the theft of the 2016 KIA vehicle or his statement to police officers that included an alleged confession to at least one of the burglaries. Before the burglary offenses were committed, Robinson stole a 2016 KIA to use during the burglaries. Robinson sent a text message to a codefendant confirming he had the stolen vehicle. Robinson claims his attorney discussed the evidence with him, but did not show him his actual text messages or his statement to police officers in hard-copy form.

{¶5} After the state proffered the anticipated evidence and the trial court rejected Robinson's arguments as a basis for new counsel, Robinson claimed a belief that his attorney was not working for him because the evidence presented was fabricated. The trial court reiterated that Robinson had waited until the day of trial to voice his concerns, and essentially under the applicable legal standard, nothing demonstrated a complete breakdown in the attorney-client relationship. Robinson decided to plead guilty to the terms of the state's original offer — the same offer that had been rejected minutes earlier.

{¶6} Importantly, Robinson concedes that the subsequent plea colloquy satisfied the applicable standards under Crim.R. 11, and that the trial court had not participated in the plea negotiations as contemplated under *State v. Byrd*, 63 Ohio St.2d 288, 291, 407 N.E.2d 1384 (1980) ("A trial judge's participation in the plea bargaining process will be carefully scrutinized to determine if it affected the voluntariness of the defendant's plea."). Robinson's only contention is that he was under duress to plead guilty because his codefendant was unaware that

the state's plea offer was contingent on acceptance by all codefendants and the trial court should have appointed new counsel for trial.

**{¶7}** It is well settled that a defendant is not deprived of due process when a plea bargain is conditioned on acceptance by all codefendants. *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 24; *State v. Franks*, 9th Dist. Summit No. 18767, 1998 Ohio App. LEXIS 4756, 7 (Oct. 7, 1998), citing *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir.1997), and *Gonzales v. United States*, 65 F.3d 814, 823 (10th Cir.1995); *see also State v. Hlavsa*, 8th Dist. Cuyahoga No. 77199, 2000 Ohio App. LEXIS 4885, 14 (Oct. 19, 2000), citing *State v. Cray*, 8th Dist. Cuyahoga No. 51534, 1986 Ohio App. LEXIS 9344, 1 (Dec. 18, 1986). The decision to offer a plea or proceed to trial "lies within the discretion of the prosecutor." *Franks*. This discretion extends to withholding offers altogether, as well as making the offer contingent on acceptance by all codefendants.

**{¶8}** In this case, the state exercised its discretion to frame the plea offer as a package deal. Robinson's argument is nothing more than an attempted end run around well-settled law. Further, it is entirely based on his codefendant's belief. Essentially Robinson complains that the state's plea agreement forced him to either plead guilty or go to trial. All defendants are presented such a choice, and nothing demonstrates that his codefendant's subjective belief was relevant to or even impacted Robinson's decision to plead guilty.

**{¶9}** In response, Robinson claims to have been presented a Hobson's choice, plead guilty or proceed to trial with appointed counsel in whom Robinson lacked faith. We must reiterate that "'an indigent defendant's right to counsel does not extend to counsel of the defendant's choice.'" *State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, ¶ 20, quoting *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965).

**{¶10}** Appellate courts "review a trial court's decision whether to remove court-appointed counsel for an abuse of discretion." *State v. Pendergrass*, 8th Dist. Cuyahoga No. 104332, 2017-Ohio-2752, ¶ 15, citing *Patterson* at ¶ 19. If the motion for new counsel was timely, the trial court is required to determine "whether there had been a complete breakdown in communication between the defendant and his counsel." *State v. Summerlin*, 1st Dist. Hamilton No. C-160539, 2017-Ohio-7625, ¶ 9, citing *State v. Clark*, 1st Dist. Hamilton No. C-020550, 2003-Ohio-2669, ¶ 7; *State v. Murphy*, 91 Ohio St.3d 516, 2001-Ohio-112, 747 N.E.2d 765; *State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135, ¶ 13 (1st Dist.). When timing is an issue, "the trial court may determine whether the defendant's request for new counsel was made in bad faith." *Pendergrass* at ¶ 15, citing *State v. Price*, 8th Dist. Cuyahoga No. 100981, 2015-Ohio-411, ¶ 18, and *State v. Graves*, 9th Dist. Lorain No. 98CA007029, 1999 Ohio App. LEXIS 5992 (Dec. 15, 1999). There is a presumption of bad faith that must be overcome if the request for new counsel is made on the day of trial. *Id.*, citing *Price* and *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988).

**{¶11}** Further, the defendant bears the burden of demonstrating the basis for the appointment of new counsel. If a defendant fails to allege facts that, if true, would require the appointment of new counsel, the trial court is not required to inquire into the claims on the record. *Patterson* at ¶ 18, citing *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969); *see also State v. Robinson*, 8th Dist. Cuyahoga No. 105667, 2018-Ohio-285, ¶ 11.

**{¶12}** In this case, and even if we give Robinson the benefit of every doubt, the trial court considered each of Robinson's unsupported accusations against his appointed counsel. The record demonstrates that counsel communicated the state's theory and anticipated evidence; that Robinson was aware of, and actually well versed in, the evidence to be presented against him at

trial; and that Robinson's requests of his attorney were at times beyond Robinson's entitlements. Nothing in the record indicates that Robinson's trial counsel was unprepared for the trial or that Robinson was prevented from aiding in his own defense because of a lack of information. Robinson has not demonstrated that the trial court abused its discretion in denying his oral motion to appoint new counsel first made on the day of trial.

{¶13} Having overruled the sole assignment of error, we affirm the convictions.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR