[Cite as *State v. Nicholson*, 2021-Ohio-1300.]

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                           :

JAHMAL E. NICHOLSON,                    :

    Defendant-Appellant.         :

No. 109570

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED**: April 15, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-641262-A and CR-19-642410-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eben O. McNair, Assistant Prosecuting
Attorney, *for appellee.*

John T. Forristal, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Jahmal Nicholson ("Nicholson"), appeals the trial court's denial of his oral motion to appoint new counsel and contends his subsequent pleas were in violation of Crim.R. 11(C)(2)(c). For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} In June 2019, a grand jury indicted Nicholson, in Cuyahoga C.P. No. CR-19-641262-A, for one count each of having a weapon while under disability, improperly handling a firearm in a vehicle, carrying a concealed weapon, drug trafficking, drug possession, and possessing criminal tools. Separately, in Cuyahoga C.P. No. CR-19-642410-A, the grand jury indicted Nicholson for one count of drug possession. Nicholson pled not guilty at the arraignment and after several pretrials were conducted, the trial court scheduled a jury trial for November 6, 2019.

{¶ 3} On the date of trial, immediately after the state's plea offer was placed on the record, Nicholson orally motioned the trial court to remove his counsel, stating:

> I would like to ask if I can move the Court to remove my attorney and seek counsel, because due to the fact that, um, I never received any facts of the case or heard any facts of the case or went over any of the facts of the case until yesterday. That's the day before trial. Our trial date was set for today, which was November 6th.
>
> I sat down for the first time with my attorney yesterday for the first time to go over all the facts of the case. No time before yesterday was I ever called into the office or sat down and [sic] with my attorney and went over any facts or discovery of the case.
>
> And I would like to have a better representation due to dealing with some - - the matter in [sic] serious, your Honor.

Tr. 8-9.

{¶ 4} The trial court denied Nicholson's motion and stated:

> Today is the trial date. Miss Newman is an experienced, talented lawyer. She has represented you. She's appeared at numerous pretrials, discussed the case with the prosecutors. And she will go forward with the trial today if that's what you would like to do.

{¶ 5} The trial court then asked Nicholson if he would like to proceed to trial or accept the state's plea offer. Nicholson opted to proceed to trial. Prior to summoning the jury, the trial court held a hearing on a suppression motion. Within minutes of the hearing, while the arresting officer was testifying, defense counsel advised the trial court that Nicholson wanted to accept the state's plea offer.

{¶ 6} Thereafter, Nicholson pled guilty to having weapons while under disability and drug possession in CR-19-641262-A, and to drug possession in CR-19-642410-A. The state dismissed the remaining charges. On December 12, 2019, the trial court sentenced Nicholson to 24 months in prison.

{¶ 7} Nicholson now appeals, assigning the following two errors for review:

### Assignment of Error One

The trial court violated Mr. Nicholson's right to counsel guaranteed by the Sixth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution when it failed to conduct an evidentiary hearing on Mr. Nicholson's oral motion to appoint new counsel.

### Assignment of Error Two

The trial court failed to comply with the requirements of Crim.R. 11(C)(2)(c) when it accepted Mr. Nicholson's guilty plea.

### Law and Analysis

{¶ 8} In the first assignment of error, Nicholson contends that the trial court denied him his Sixth Amendment right to counsel, when it refused to appoint new counsel.

{¶ 9} Appellate courts review a trial court's decision whether to remove court-appointed counsel for an abuse of discretion. *State v. Pendergrass*, 8th Dist.

Cuyahoga No. 104332, 2017-Ohio-2752, ¶ 15, citing *State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, ¶ 19. An abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} If the motion for new counsel was timely, the trial court is required to determine "whether there had been a complete breakdown in communication between the defendant and his counsel." *State v. Robinson*, 8th Dist. Cuyahoga No. 106329, 2018-Ohio-2403, citing *State v. Summerlin*, 1st Dist. Hamilton No. C-160539, 2017-Ohio-7625, ¶ 9, citing *State v. Clark*, 1st Dist. Hamilton No. C-020550, 2003-Ohio-2669, ¶ 7; *State v. Murphy*, 91 Ohio St.3d 516, 2001-Ohio-112, 747 N.E.2d 765; *State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135, ¶ 13 (1st Dist.).

{¶ 11} When timing is an issue, the trial court may determine whether the defendant's request for new counsel was made in bad faith. *Id.* at ¶ 10, citing *Pendergrass* at ¶ 15, citing *State v. Price*, 8th Dist. Cuyahoga No. 100981, 2015-Ohio-411, ¶ 18, and *State v. Graves*, 9th Dist. Lorain No. 98CA007029, 1999 Ohio App. LEXIS 5992 (Dec. 15, 1999). There is a presumption of bad faith that must be overcome if the request for new counsel is made on the day of trial. *Price* at ¶ 18, and *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988).

{¶ 12} In the instant case, Nicholson suggests that the trial court summarily denied his motion without consideration. However, contrary to Nicholson's suggestion, it has been held that the court's inquiry into a motion to appoint new

counsel may be brief and minimal, and still safeguard the offender's constitutional rights. *State v. Robinson*, 8th Dist. Cuyahoga No. 105667, 2018-Ohio-285, citing *Pendergrass,* 8th Dist. Cuyahoga No. 104332, 2017-Ohio-2752, at ¶ 11, citing *State v. King*, 104 Ohio App.3d 434, 437, 662 N.E.2d 389 (4th Dist.1995).

{¶ 13} Here, although, there is no requirement that the trial court undergo a formal or lengthy proceeding every time a defendant requests new, appointed counsel, the record indicates that the trial court considered the request. The trial court noted that Nicholson's motion was being made on the day of trial. As discussed above, there is a presumption of bad faith that must be overcome if the request for new counsel is made on the day of trial.

{¶ 14} The trial court also noted that Nicholson's defense counsel was an experienced and talented attorney, who had been representing him in the matter. In addition, the trial court noted that the attorney had appeared on Nicholson's behalf at numerous pretrials, where she met and discussed the case with the prosecutor. Further, our review of the docket reveals that Nicholson was out on bond, that his attorney appeared for no less than eight pretrials, and that Nicholson requested several continuances in this matter. Finally, we note, the record demonstrates that defense counsel had thoroughly investigated the case and was prepared to argue the motion to suppress and was prepared to go to trial.

{¶ 15} Under these circumstances, where the request was neither timely nor supported by good cause, and where the record indicates that the trial court considered the request, we find no abuse of discretion.

{¶ 16} Accordingly, we overrule the first assignment of error.

{¶ 17} In the second assignment of error, Nicholson argues that the trial court failed to comply with Crim.R. 11(C)(2)(c) when it accepted his pleas.

{¶ 18} Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25*; see also State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio 179, 660 N.E.2d 450 ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 19} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). Before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary, and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 20} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8, citing *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Hill* at ¶ 8, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Additionally, before a plea will be vacated, due to a violation of the defendant's nonconstitutional rights, the defendant must show prejudice. *Martin* at ¶ 7. "The test for prejudice is whether the plea would have otherwise been made." *Id.*, citing *Veney* at ¶ 17.

{¶ 21} Prior to accepting Nicholson's pleas, the following exchange took place:

> THE COURT: So, Mr. Nicholson, I'm going to ask you a series of questions. If you would be kind enough to answer out loud so that the court reporter can take down what you have to say, all right, sir?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: How old are you?
>
> THE DEFENDANT: 32, your Honor.
>
> THE COURT: How far did you go in school?
>
> THE DEFENDANT: Tenth grade.

THE COURT:  Are you now under the influence of any drug or alcohol?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you an American citizen?

THE DEFENDANT: Yes, your Honor.

THE COURT:  Are you on Probation, Community Controlled sanctions, Parole, or Post Release Control?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you satisfied with the representation of

Ms. Newman?

THE DEFENDANT: Yes, your Honor.

THE COURT:  Do you understand that by entering a plea of guilty you're giving up certain constitutional rights?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand you have a right to a trial by jury, or you can waive that right and try your case to a judge without a jury? Sir, do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT:  Do you understand you have a right to an attorney, either one you hired yourself, or if you can't afford one, one the Court appoints for you at no cost to you?

THE DEFENDANT: Yes, your Honor.

THE COURT:  Do you understand you have a right to subpoena witnesses to appear at trial and testify in your behalf?  And that means if you wanted a witness to come in and testify for you, but they wouldn't come in voluntarily, you could use the Court's subpoena power to make them come in and testify.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand you have the right to have the State

of Ohio prove your guilt by evidence beyond a reasonable doubt?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand you have the right to confront and cross-examine witnesses?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand you have the right to remain silent and not testify, and no one could comment on the fact that you did not testify at trial?

THE DEFENDANT: Yes, your Honor.

Tr. 19-22.

{¶ 22} The trial court's colloquy, cited above, satisfies the rigors of Crim.R. 11(C)(2). The trial court advised Nicholson that he was waiving certain constitutional rights by entering his pleas. Nicholson stated he understood. The trial court then proceeded to go over each constitutional right in a clear and concise manner — stopping each time to ask Nicholson if he understood. At every juncture, Nicholson unequivocally stated that he understood. Nonetheless, Nicholson suggests, in light of his tenth-grade education, the trial court should have done more.

{¶ 23} The Ohio Supreme Court has stated "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115. However, trial courts need not recite Crim.R. 11(C) verbatim and failure to utilize the exact language does not invalidate the plea. *Id.* at 480. "Rather, the focus, upon review, is whether the record shows that the trial

court explained or referred to the right in a manner reasonably intelligible to that defendant." *Id.*

{¶ 24} Our review indicates the trial court strictly complied with the requirements of Crim.R. 11(C).

{¶ 25} Accordingly, we overrule the second assignment of error.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR